UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| INA GROUP,<br>    Plaintiff,<br><br>vs.<br><br>NATUBHAI S. PATEL,<br>    Defendant. | Case No. 1:21-MC-07<br>Dlott, J.<br>Litkovitz, M.J.<br><br>**REPORT AND**<br>**RECOMMENDATION** |

Denise Harrison, a resident of Cincinnati, Ohio, filed a "Writ of Mandamus" in this Court. (Doc. 1). The document states, verbatim:

> comes Now Denise Harrison in the above and A1602913 and files this petition against INA Group, Taraben Patel, Bhavesh Patel, Aproject LLC (Anton Parkemovich) _____,
>
> And in support of, Now shows unto the court the following matters and facts. Denise Harrison claim that every time she files a motion it gets ignored even her requesting that the Judge put a final appealable judgement into the records allowing her The Fourteenth Amendment Due Process which Is basically a legal requirement that no citizen be deprived of their legal rights that are owed to a person. Her Appeals motion got dismissed by the Appellate Court due to the fact that the lower court never put a final appealable judgement on record which in fact Denise Harrison was entitled to meanwhile allowing the other parties the Respondants (sic) to proceed and prevail against Denise Harrison. Duley (sic) noted that it only takes the Judge 7 days to rule for the respondents whenever they put in any motion while the petitioner motions get ignored. Ohio Jud.Con.R.26 rule 2.6 Ensuring the Right to Be Heard.
>
> The petitioner also notes that the respondents have used unfactual (sic) statements concerning the HIPPA Law to persuade the court as well, withheld evidence which would have changed the outcome of this case only for their gain only.

(Doc. 1 at PAGEID 1-2).

The Court is unable to discern Ms. Harrison's alleged cause of action or the specific relief she is seeking from this Court. For this reason, this matter should be dismissed.

In addition, the Court takes judicial notice that the case referenced by Ms. Harrison in her "Writ of Mandamus" is *INA Group v. Patel*, Case No. A 1602913 (Hamilton County Court of Common Pleas).[1]  This is the second time Ms. Harrison has initiated an action in this federal court regarding this state court action.  *See INA Group, LLC v. Natubhai S. Patel*, Case No. 1:18-cv-733 (S.D. of Ohio).  In her previous federal case, Ms. Harrison filed a pro se Notice of Removal of the state court action in this Court.  Ms. Harrison claims to be a party of interest in the sale of property owned by the state court plaintiff, Ina Group, LLC, that was subject to a foreclosure action in the Hamilton County Court of Common Pleas.  After the property was sold to a third party at a sheriff's sale, Harrison filed a motion to intervene.  Harrison was permitted to intervene but failed to redeem the property from the sheriff's sale.  The property was sold on July 28, 2018 at a second sheriff's sale to a third-party purchaser.  When Harrison filed her Notice of Removal in this Court, the state court was prevented from finalizing the state foreclosure action.  This federal court found it was without federal jurisdiction over the matter and remanded the case to state court.  (*Id.* at Doc. 10).

To the extent Ms. Harrison may be taking issue with the proceedings in the state court action that occurred after *INA Group, LLC v. Natubhai S. Patel*, Case No. 1:18-cv-733 (S.D. of Ohio) was remanded to the state court, this federal court is without jurisdiction over the matter.  For the reasons stated in the Court's previous decision (*Id*. at Doc. 10), the Court has neither diversity nor federal question jurisdiction over the dispute and lacks subject matter jurisdiction over Ms. Harrison's "Writ of Mandamus."

---

[1] Federal courts may take judicial notice of proceedings in other courts of record.  *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82 83 (6th Cir. 1969)).  *See also National Union Fire Ins. Co. v. VP Bldgs., Inc.*, 606 F.3d 835, 839 n.2 (6th Cir. 2010); *Lyons v. Stovall*, 188 F.3d 327, 333 n.3 (6th Cir. 1999).

Moreover, to the extent the foreclosure action is ongoing,[2] this Court must abstain from hearing challenges to the state court proceedings. Absent extraordinary circumstances, federal courts may not interfere with pending state court proceedings in order to entertain constitutional challenges to the state proceedings. *Younger v. Harris,* 401 U.S. 37 (1971). *Younger* abstention is warranted under the circumstances of this case. *See Doscher v. Menifee Circuit Court*, 75 F. App'x 996 (6th Cir. 2003) (*Younger* abstention applied to debtor's civil rights action alleging state court violated his rights during foreclosure proceeding where foreclosure action was pending in state court, proceeding involved matter of state interest, and debtor had adequate opportunity to raise his challenges to proceedings).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's "Writ of Mandamus" be **DISMISSED** with prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 7/2/2021

Karen L. Litkovitz
United States Magistrate Judge

---

[2] It appears from the docket of the state court action that the matter is still pending before that court. The day after plaintiff filed her federal "Writ of Mandamus," she filed a "motion to proceed with injunction application" in the state court action. *See INA Group v. Patel*, Case No. A 1602913 (Hamilton County Court of Common Pleas) (*See* https://www.courtclerk.org/data/case_ summary.php?sec=history&casenumber=A+1602913& submit.x=17&submit.y=13) (last visited 7/1/2021).

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| INA GROUP, <br>     Plaintiff, <br><br> vs. <br><br> NATUBHAI S. PATEL, et al., <br>     Defendants. | Case No. 1:21-MC-07 <br> Dlott, J. <br> Litkovitz, M.J. |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).